JIM PATE CHANDLER *v.* STATE OF ARKANSAS

5279                                           417 S. W. 2d 957

Opinion delivered September 11, 1967

*Alfred Featherston,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant, Jim Pate Chandler, was convicted upon a charge of possessing an illicit still, Ark. Stat. Ann. § 48-936.1 (Repl. 1964). In his motion for new trial he listed six points upon which he relies for error here. Appellant in his brief has argued the six points under two general headings—*i. e.,* (1) sufficiency of the evidence and (2) prejudice of his case by the trial court through comments on the evidence and in the manner in which he intervened to correct and question witnesses.

The evidence shows that on September 20, 1966, early in the morning Deputy Sheriff Lewis Tollett, learning of a still in the vicinity of appellant's home some three miles east of Dierks, drove by there accompanied by State Police Sergeant Ernest Hawthorne. Observing that appellant's vehicle was not there, they parked some distance away and proceeded to a gravel pit. The still

was found about a hundred yards south of the gravel pit near a pond and approximately 440 yards northeast from appellant's home. The officers concealed themselves in the briars and waited. In about thirty minutes they heard a door slam and a pickup drive off in the direction of appellant's home. About fifteen minutes after the door slammed, appellant came to the still from over the pond bank, walked straight past the first two barrels and took the cover off the third barrel. Appellant then walked toward the cooker from the barrel and back to the barrel. When appellant was arrested he was filling a glass jug in the third barrel. He told the officers that he was just passing by, smelled the mash and stopped to get a drink.

Upon further investigation the officers determined that the mash in the first two barrels, which appellant had walked by, was not as sour and milky-looking as that in the third barrel.

From the still, two well-beaten paths were observed. The one up over the dam to the pond was the most used but after that it petered out. The other path went southwesterly through the woods toward appellant's house down an old road running parallel with the road that runs north and south in front of appellant's house.

Sergeant Hawthorne testified that according to appellant's reputation he was definitely involved in liquor. Other testimony showed that in 1955 he had pleaded guilty to having a still, had subsequently been fined for having untaxed liquor, and had recently been drunk on numerous occasions.

Under the circumstances, we hold that there was sufficient evidence to make a jury issue on the possession of a still.

Appellant's contention that the trial judge showed his bias and prejudice against the defendant arises, principally, from the conduct of the trial judge during the prosecution's examination of Deputy Sheriff Lewis Tollett and during defendant's examination of his witness Harmon Chandler.

Upon the examination of Deputy Tollett, in answer to a question as to whether appellant had a reputation as to dealing or trafficking in illicit liquor, the witness had stated ''Yes,'' whereupon the following occurred:

''Q. What is that reputation?

A. He drinks it.

THE COURT: (To witness) No, just what they say about him dealing in it. Not whether he drinks it or not.

A. He drives up and down the road drunk.

THE COURT: (To witness) I don't think you understood his question. He asked if he had a reputation for dealing in intoxicating liquors in that area, and you said he did have a reputation. Now, he wants to know if that reputation is good or bad.

A. Bad.''

During defendant's examination of witness Harmon Chandler, counsel for defendant was attempting to elicit what appellant's reputation was when the following occurred:

''MR. HARDEGREE: Your Honor, we object to any further questioning unless properly founded.

THE COURT: Yes, sir. If there was evidence showing he had a reputation for drinking it shouldn't have been introduced. It could have been without objection. I think the question

was, did he deal and traffic in intoxicating alcoholic beverages.

MR. FEATHERSTON: No testimony that he did, so if the Court would rule to exclude that other testimony, I now move that you do, and the jury consider no testimony on reputation, because he had no reputation of possessing or having anything to do with an illicit still. We need no further testimony on that.

THE COURT: Mr. Featherston, I am not permitted to comment on the evidence. I can say there was evidence introduced concerning his reputation for dealing in intoxicating beverages in recent times. There was evidence to that effect, by reputation only, and that's all that is permitted, of course.

MR. FEATHERSTON: Then if the Court will let that testimony stay, then we are entitled to offset it.

THE COURT: You are entitled to show he has a reputation for being a peaceable, law abiding citizen if you desire to."

The record fails to show any objection on appellant's part with respect to any conduct of the trial judge challenged by appellant. In *Graves v. State*, 155 Ark. 30, 33, 243 S. W. 855 (1922), we held that the failure to make such an objection or exception waived the alleged error on appeal. This is in accordance with our procedure, 15 Ark. L. R. 69, and we accordingly hold that appellant's contention is without merit.

The judgment is affirmed.